UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SENSIS, INC.,<br>   *Plaintiff*<br><br>v.<br><br>THE LASIK VISION INSTITUTE,<br>LLC, and KEN MOADEL,[1]<br>   *Defendants* | §<br>§<br>§<br>§    Case No. 1:20-CV-00001-RP<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE ROBERT PITMAN**
    **UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant Ken Moadel's Rule 12(b)(2) and 12(b)(6) Motion to Dismiss, filed April 29, 2020 (Dkt. 19); Plaintiff Sensis, Inc.'s Motion for Summary Judgment Against Defendant Ken Moadel, filed October 7, 2020 (Dkt. 33); and the associated response and reply briefs. On December 4, 2020, the District Court referred the motions to the undersigned Magistrate Judge for disposition and Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

**I.  Background**

Plaintiff Sensis, Inc. is a California digital advertising agency that has its principal place of business in Los Angeles, California. Defendant LASIK Vision Institute, LLC ("LVI") is a Delaware limited liability company that operates LASIK eye surgery clinics throughout the United

---

[1] Sensis mistakenly referred to Defendant Ken Moadel as "Kenneth" Moadel. *See* Dkt. 19 at 1.

States, with its principal place of business in West Palm Beach, Florida. Defendant Ken Moadel is a New York medical doctor who operates an eye surgery clinic in New York, New York.

On June 15, 2018, Sensis and LVI entered into a Master Service Agreement ("Sensis-LVI Agreement") in which Sensis agreed to provide digital advertising services to LVI in exchange for certain payments. Dkt. 1-1. Sensis alleges that it provided advertising services to LVI in accordance with the Sensis-LVI Agreement, but LVI has refused to pay for those services.

On October 1, 2019, LVI entered into a separate purchase agreement with Moadel, in which LVI agreed to sell one of its clinics located in New York City, LASIK Management Manhattan, LLC (the "Manhattan Clinic"), to Moadel in exchange for "an amount in cash." Dkt. 7-1 at 5 ("Moadel-LVI Agreement"). The Agreement further provided that Moadel would assume certain liabilities of the Manhattan Clinic, including certain trade accounts payable.

On January 1, 2020, Sensis filed this lawsuit against LVI and Moadel, alleging breach of contract against LVI and breach of contract as third-party beneficiary against Moadel. Sensis alleges that under the Moadel-LVI Agreement, Moadel "agreed to pay all obligations that LVI has under its Agreement with Sensis." Dkt. 1 ¶ 4. Sensis seeks $530,930.29 in damages, pre-judgment and post-judgment interest, and attorney's fees and costs.

On February 20, 2020, LVI filed a third-party complaint against Moadel and his associated companies, alleging express contractual indemnity and breach of contract. LVI alleges that under the Moadel-LVI Agreement, Moadel agreed to indemnify LVI and assume its debts, but that Moadel has refused to pay Sensis for its services.

On May 29, 2020, LVI filed for bankruptcy under Chapter 11 of the Bankruptcy Code. Dkt. 29-1. Accordingly, on June 11, 2020, the District Court issued an automatic stay, pursuant to

11 U.S.C. § 362, staying all claims against and by LVI. Dkt. 30.[2] The claims between Sensis and Moadel are not stayed, however. *See id.* (noting that "the remaining claims in this case are not stayed and will proceed"). Accordingly, Moadel's Motion to Dismiss under Rules 12(b)(2) and 12(b)(6) and LVI's Motion for Summary Judgment under Rule 56(a) are ripe for adjudication.

## II.  Moadel's Motion to Dismiss

Moadel, a New York citizen who lives and works in New York City, argues that Plaintiff's claims against him should be dismissed because he has no contacts with the State of Texas and the Court lacks personal jurisdiction over him. Specifically, Moadel emphasizes that he has (1) never lived or maintained a residence in Texas; (2) never maintained a principal place of business in Texas; (3) no medical license to practice medicine in Texas; (4) never practiced medicine in Texas; and (5) no phone number, mailing address, bank account, designated agent for service, employees, offices, or property in Texas, and is not and never has been registered to do business in Texas. Alternatively, Moadel argues that Plaintiff's third-party beneficiary breach of contract claim should be dismissed for failure to state a plausible claim under Rule 12(b)(6).

Because personal jurisdiction is "an essential element of the jurisdiction of a district court without which the court is powerless to proceed to an adjudication," courts must reach the personal jurisdiction issue before reaching claims on the merits. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). Accordingly, the undersigned addresses the threshold issue of whether this Court has personal jurisdiction over Moadel before addressing Rule 12(b)(6) arguments.

### A.  Personal Jurisdiction Standard

A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant if the state's long-arm statute permits an exercise of jurisdiction over that defendant and

---

[2] The Bankruptcy Case remains active and open, and the automatic bankruptcy stay continues to be in effect. *See* Dkt. 41.

an exercise of jurisdiction would comport with the requirements of the Due Process Clause of the Fourteenth Amendment. *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018); *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). Because the requirements of the Texas long-arm statute are coextensive with the requirements of the Due Process Clause, the sole inquiry is whether the court's exercise of personal jurisdiction over the defendant would be consistent with due process. *Sangha*, 882 F.3d at 101. In order for personal jurisdiction to satisfy due process requirements, a plaintiff must show that (1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend traditional notions of "fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945).

A defendant's "minimum contacts" may give rise to either specific or general personal jurisdiction, depending on the nature of the suit and the defendant's relationship to the forum state. *Sangha*, 882 F.3d at 101. A court may assert general jurisdiction over non-resident defendants "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe*, 326 U.S. at 317). Specific jurisdiction exists when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) (citation omitted). For minimum contacts to exist, "a defendant must have purposefully availed himself of the benefits and protections of the forum state such that he should reasonably anticipate being haled into court there." *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019) (cleaned up).

4

In addition to general and specific jurisdiction, a defendant may agree to a forum selection clause that waives his right to contest personal jurisdiction if litigation commences in the specified forum. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) (noting that personal jurisdiction may be waived by forum selection clauses that are "freely negotiated" and not "unreasonable and unjust" (citation omitted)); *MWK Recruiting, Inc. v. Jowers*, No. 1:18-CV-444-RP, 2019 WL 7761445, at *4 (W.D. Tex. July 29, 2019) ("Personal jurisdiction is a waivable right, and if a party signs a contract with a forum selection clause, that party has either consented to personal jurisdiction or waived the personal jurisdiction requirements for the designated forum.").

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. The plaintiff has the burden of establishing jurisdiction. *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 233 (5th Cir. 2016). If, as here, the court rules on personal jurisdiction without conducting an evidentiary hearing, the plaintiff bears the burden of establishing only a *prima facie* case of personal jurisdiction. "Proof by a preponderance of the evidence is not required." *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019) (quoting *Johnson v. Multidata Sys. Int'l Corp.* 523 F.3d 602, 609 (5th Cir. 2008)). In determining whether the plaintiff has presented a *prima facie* case of personal jurisdiction, the court "must accept the plaintiff's uncontroverted allegations, and resolve in his favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Patterson*, 826 F.3d at 233.

**B. Analysis**

Sensis does not contend that the Court has general or specific jurisdiction over Moadel. Instead, Sensis argues that Moadel waived his right to contest personal jurisdiction in Texas because he agreed to bound by the forum selection clause contained in the Sensis-LVI Agreement, which states: "Both parties consent to the jurisdiction and venue of the state and federal courts located in

Austin, Texas in connection with any action relating to this Agreement and the Services performed pursuant to this Agreement." Dkt. 9-1 at § 15. Although Moadel was not a party or signatory to the Sensis-LVI Agreement, Sensis argues that "Moadel is bound to the forum-selection clause because the dispute with him arises out of the Sensis-LVI Agreement and it was foreseeable that he would be bound to it when he assumed LVI's obligations to Sensis." Dkt. 20 at 3.

While Sensis is correct that a defendant may agree to a forum selection clause that waives his right to contest personal jurisdiction if litigation is commenced in the specified forum,[3] "[a]s a general proposition, a forum-selection clause may be enforced only by and against a party to the agreement containing the clause." *Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 443 (Tex. 2017). "Because forum-selection clauses are creatures of contract, the circumstances in which nonsignatories can be bound to a forum-selection clause are rare." *Id.* In the context of arbitration agreements, which are "a specialized kind of forum-selection clause," *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974), the Fifth Circuit has recognized the following theories for binding a nonsignatory to an arbitration agreement: "(a) incorporation by reference; (b) assumption; (c) agency; (d) veil-piercing/alter ego; (e) estoppel; and (f) third-party beneficiary." *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 356 (5th Cir. 2003). In addition, several other Courts of Appeals have held that a nonsignatory may be bound to a forum selection clause if the nonsignatory is "closely related" to the signatory.[4] In such instances, enforcement is permitted if the relationship between a nonsignatory and a signatory to the contract

---

[3] *See Burger King*, 471 U.S. at 472 n.14.

[4] *See Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 723 (2d Cir. 2013); *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007); *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 758 (8th Cir. 2001); *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1299 (11th Cir. 1998); *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209-10 (7th Cir. 1993).

is close enough that the nonsignatory's enforcement of the forum selection clause would be "foreseeable" to the opposing party. *Magi XXI,* 714 F.3d at 723; *Hugel*, 999 F.2d at 209.

Sensis relies on this "closely related" theory to argue that Moadel should be bound to the forum selection clause contained in the Sensis-LVI Agreement. Sensis contends that because the Moadel-LVI Agreement required Moadel to pay LVI's debt to Sensis, and that debt arose from the Sensis-LVI Agreement containing the forum selection clause, "Moadel could reasonably have foreseen that he would be called to account in Texas if he failed to pay the debt he assumed arising from an agreement with a Texas forum-selection clause." Dkt. 20 at 3-4. The Court disagrees.

First, Sensis has failed to show that the relationship between Moadel and LVI is close enough that it would have been foreseeable to Moadel that he would be bound by the forum selection clause to which LVI agreed. *Hugel*, 999 F.2d at 209. In those cases that have enforced a forum selection clause against a nonsignatory under the closely related theory, the signatory and nonsignatory are so closely related that it was clearly foreseeable that the nonsignatory would be bound. For example, in *Hugel*, the Seventh Circuit held that it was foreseeable for two companies to be bound to a forum selection clause previously agreed to by the companies' president and chairman of the board, who owned 99% of the companies' stock and discussed the dispute with those companies. 999 F.2d at 210.

> The rationale supporting enforcement in such circumstances is that signatories have already "assented to a forum selection clause and thus have agreed to litigate disputes relating to the contract in the chosen forum" such that enforcing the provision "comports with the 'legitimate expectations of the parties, [as] manifested in their freely negotiated agreement.'"

*Sheldon*, 526 S.W.3d at 444-45 (quoting *Magi XXI*, 714 F.3d at 723).

Here, there is no allegation that Moadel was a corporate officer of LVI or had any other connection to LVI other than his acquisition of the Manhattan Clinic. Accordingly, it would not

7

have been reasonably foreseeable to Moadel at the time that he entered into the agreement with LVI that he would be bound by the forum selection clause contained in a previous agreement entered into by LVI. *See Baker v. LeBoeuf, Lamb, Leiby & Macrae*, 105 F.3d 1102, 1106 (6th Cir. 1997) (holding that defendants could not enforce forum selection clause against nonparty where defendants failed to demonstrate a close connection between the nonparty and signatory).

In addition, while the Moadel-LVI Agreement required Moadel to assume the accounts payable of the Manhattan Clinic as part of the purchase agreement, the Moadel-LVI Agreement does not cite to, reference, or otherwise mention the Sensis-LVI Agreement or the forum selection clause contained therein. Plaintiff fails to allege that Moadel was ever aware of the Sensis-LVI Agreement or the forum selection clause. Moreover, the agreement to which Moadel was a party – the Moadel-LVI Agreement – contained a forum selection clause requiring arbitration to be conducted in West Palm Beach, Florida, not Austin, Texas. Dkt. 7-1 at § 9.3. Based on the foregoing, Moadel could not have reasonably foreseen that by entering into the Moadel-LVI Agreement, he agreed to be sued in Texas.

Even if Moadel was closely related to LVI, the clear terms of the Sensis-LVI Agreement precludes its enforcement against nonparties such as Moadel. As the Texas Supreme Court has stated, "the question of who is actually bound to dispute resolution in the contractually specified forum is ultimately a function of the intent of the parties as expressed in the terms of the agreement." *Sheldon*, 526 S.W.3d at 445 (internal citations omitted). Here, the Sensis-LVI Agreement unequivocally states that:

> Neither party may sell, assign, transfer, or otherwise convey (by contract, operation of law (including by merger or sale of control or otherwise)) any of its rights or delegate any of its duties under this Agreement without the prior written consent of the other party, which consent shall not be unreasonably withheld.

Dkt. 9-1 § 14. Moreover, the Sensis-LVI Agreement also expressly excludes third party beneficiaries to the Agreement: "This Agreement does not create, and shall not be construed as creating, any rights or interests enforceable by any person not a party to this Agreement." *Id.* § 23. The Agreement's plain language thus disclaims any intent to extend the contract's benefits or duties to nonparties. *See Sheldon*, 526 SW.3d at 445 (holding that nonsignatory could not be bound to forum selection clause where the contract's express terms limited the rights and remedies of the agreement to parties).

Based on the foregoing, the Court finds that Moadel is not bound by the forum selection clause contained in the Sensis-LVI Agreement. Because Sensis advances no other theory to confer personal jurisdiction on Moadel, Sensis has failed to sustain its burden to demonstrate that the Court has personal jurisdiction over Moadel. Accordingly, Moadel's Rule 12(b)(2) Motion to Dismiss for lack of personal jurisdiction should be granted.

Because the Court does not have jurisdiction to review the merits of Sensis' claims against Moadel, the Court is prohibited from addressing the merits of the parties' claims. *See Ruhrgas*, 526 U.S. at 584. Accordingly, the Court will not address Moadel's Rule 12(b)(6) arguments, and Sensis' Motion for Summary Judgment should be dismissed as moot.

### III.   Leave to Amend

Sensis requests leave to amend "if the Court finds for Moadel on any issue." Dkt. 20 at 6. However, "a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)." *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (cleaned up). Sensis' bare request "to cure any deficiencies" contains no "indication of the particular grounds" for seeking leave to amend. *Id.*

Even if the Court considered it a proper Motion to Amend, Sensis has failed to explain how amending the complaint would establish that the Court has jurisdiction over Moadel. Sensis had an opportunity to come forward with facts and evidence to show that the Court has personal jurisdiction over Moadel, but failed to do so. Accordingly, the Court finds that amendment would be futile in this case. *See Bustos v. Lennon*, 538 F. App'x 565, 569 (5th Cir. 2013) (per curiam) (affirming denial as futile of motion to amend complaint to correct jurisdictional defects); *Blue Spike, LLC v. Tex. Instruments, Inc.*, 2014 WL 11848753, at *3 (E.D. Tex. Mar. 5, 2014) ("It is not Plaintiff's underlying allegations that fall short. Instead, Plaintiff's theory of jurisdiction is flawed."); *Seitz v. Envirotech Sys. Worldwide Inc.*, 513 F. Supp. 2d 855, 866 (S.D. Tex. June 19, 2007) (finding that amendment would be futile where plaintiff had opportunity to show personal jurisdiction).

## IV.   Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court:

- **GRANT** Defendant Ken Moadel's Rule 12(b)(2) Motion to Dismiss (Dkt. 19) for lack of jurisdiction and **DISMISS** Plaintiff's claims against Ken Moadel without prejudice;
- **DENY** as futile Sensis' request to file an amended complaint; and
- **DISMISS** as moot Plaintiff's Motion for Summary Judgment (Dkt. 33).

The undersigned **FURTHER ORDERS** the Clerk to **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written

objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on December 22, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE